IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ALISHA A. SCOTT, )
)
        Plaintiff, )
)
v. ) Case No. 18-CV-485-TCK-JFJ
)
ANDREW SAUL, Commissioner )
of Social Security Administration, )
)
        Defendant. )

**OPINION AND ORDER**

Before the court is the Report and Recommendation of United States Magistrate Judge Jodi F. Jayne on the judicial review of a decision by the Commissioner of the Social Security Administration denying Social Security disability benefits and the Objections thereto filed by plaintiff, Alisha A. Scott. Docs.19, 20. The Magistrate Judge recommended the Commissioner's decision be affirmed. Plaintiff objects to the recommendation, arguing that the ALJ failed to properly evaluate the combined effect of all of Scott's severe and nonsevere impairments.

**I. Standard of Review**

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." However, even under a de novo review of such portions of the Report and Recommendation, this court's review of the Commissioner's decision is limited to a determination of "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." *Id.* It is more than a scintilla, but less than a preponderance. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)). Even if the court would have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *Hamilton v. Sec'y of Health & Human Servs.,* 961 F.2d 1495, 1500 (10th Cir. 1992).

A claimant for disability benefits bears the burden of proving a disability. 42 U.S.C. § 423(d)(5); 20 C.F.R. §§ 404.1512(a), 416.912(a). A disability is a physical or mental impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). "Disabled" is defined under the Social Security Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To meet this burden, plaintiff must provide medical evidence of an impairment and the severity of that impairment during the time of her alleged disability. 20 C.F.R. §§ 404.1512(b), 416.912(b). "A physical impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [an individual's] statement of symptoms." 20 C.F.R. §§ 404.1508, 416.908. The evidence must come from "acceptable medical sources," such as licensed and certified psychologists and licensed physicians. 20 C.F.R. §§ 404.1513(a), 416.913(a). A plaintiff is disabled under the Act only if her "physical or mental impairment or impairments are of such severity that she is not only unable to do her previous work but cannot, considering her age,

education, and work experience, engage in any other kind of substantial gainful work in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen,* 844 F.2d 748, 750-51 (10th Cir. 1988) (setting forth the five steps in detail). The claimant bears the burden of proof at steps one through four. *Williams*, 844 F.2d at 751 n. 2. At step one, a determination is made as to whether the claimant is presently engaged in substantial gainful activity. *Id.* at 750. At step two, a determination is made whether the claimant has a medically determinable impairment or combination of impairments that significantly limit her ability to do basic work activities. *Id.* at 751. At step three a determination is made whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Id.* If it is, the claimant is entitled to benefits. *Id.* If it is not, the evaluation proceeds to the fourth step, where the claimant must show that the impairment prevents her from performing work she has performed in the past. *Id.* If the claimant is able to perform her previous work, she is not disabled. *Id.* If she is not able to perform her previous work, then the claimant has met her burden of proof, establishing a prima facie case of disability. The evaluation process then proceeds to the fifth and final step: determining whether the claimant has the residual functional capacity ("RFC")[1] to perform other work in the national economy in view of her age, education, and work experience. *Id.* The Commissioner bears the burden at step five, and the claimant is entitled to benefits if the Commissioner cannot establish that the claimant retains the

---

[1] A claimant's RFC to do work is what the claimant is still functionally capable of doing on a regular and continuing basis, despite her impairments: the claimant's maximum sustained work capability. *Williams,* 844 F.2d at 751.

capacity "to perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (citation omitted).

## II. Background

Plaintiff, then 38, applied for Title II disability insurance benefits on July 15, 2015, alleging a disability onset date of June 26, 2015. R. 52, 181-182. She claimed she was unable to work due to a number of conditions, including gastroparesis/delayed gastric emptying, anxiety, depression and back pain. R. 195. Plaintiff's claim was denied initially on October 1, 2015, and on reconsideration on December 7, 2015. R. 91-108. At Plaintiff's request, an ALJ conducted a hearing on June 29, 2017. R. 70. On September 28, 2017, the ALJ issued a decision finding that Plaintiff was not disabled because she was able to perform past relevant work, and denied benefits. R. 52-65. The Appeals Council denied review, and Plaintiff appealed. R. 1-3.

In his decision, the ALJ found that Plaintiff's last insured date was December 31, 2018, and that Plaintiff had not engaged in substantial gainful activity since June 26, 2015, her alleged onset date. R. 54. At step two, the ALJ found that Plaintiff had the severe impairment of gastroparesis/irritable bowel syndrome ("IBS"). Additionally, he found that her medically determinable impairments of headaches, overweight, lumbar degenerative disc disease, fibromyalgia, esophagitis reflux, and insomnia were non-severe. R. 54-55. Regarding "paragraph B" criteria, the ALJ found that Plaintiff had no limitation in the area of adapting or managing oneself and mild limitations in the areas of understanding, remembering or applying information; interacting with others; and concentrating, persisting, or maintaining pace. R. 56. At step three, he found that Plaintiff had no impairment or combination of impairments of such severity to result in listing-level impairments. R. 57.

Based on his evaluation of the objective and opinion evidence, Plaintiff's statements and her husband's statements, the ALJ determined that Plaintiff has the RFC to perform the following range of light work:

> The claimant can lift and/or carry, push and/or pull 20 pounds occasionally and 10 pounds frequently. She can sit for 6 hours out of an 8-hour workday and stand and/or walk 6 hours out of an hour [sic] workday. The claimant cannot climb ladders, ropes, or scaffolds. She can frequently climb stairs, balance, and bend/stoop, kneel, crouch, and crawl frequently.

R. 57. The ALJ found, based on the vocational expert's testimony, that Plaintiff could perform her past relevant work as a medical assistant, as actually and generally performed. R. 65. As a result, the ALJ concluded Plaintiff was not disabled.

On appeal to this Court, the Magistrate Judge, in her Report and Recommendation, concluded that the ALJ reasonably considered and evaluated the evidence regarding Plaintiff's physical impairments and that the RFC formulated by the ALJ is compatible with jobs requiring level two reasoning. Doc. 1. She recommended the Commissioner's decision be affirmed.

Plaintiff objects to the Report and Recommendation. Doc. 20.

**III. Analysis**

Plaintiff contends the ALJ failed to properly evaluate the combined effect of all of her severe and nonsevere impairments, including fibromyalgia (FM), and that this error adversely affected his credibility assessment. Additionally, she argues that under 20 C.F.R. § 404.1522, the ALJ's finding of a nonsevere mental impairment meant only that she was not limited in the ability to perform the basic mental demands of unskilled work, and he failed to explain how he arrived at the conclusion that the limitations, albeit mild, had no impact on her ability to do skilled work.

5

### A. Evaluation of Combined Effects of All Impairments

The ALJ acknowledged that progress notes from the Warren Clinic on March 8, 2016 indicated Plaintiff had anxiety, depression and FM, and that she had positive trigger points. Doc. 13, R. at 61. However, he noted that the FM diagnosis was based on her complaints and not because she had the requisite number of trigger points. R. 397, 400, 496. Moreover, he observed that Warren Clinic examination notes consistently showed full range of motion with no edema, some tenderness, pain and spasm in the back and some tenderness to trigger points. R. 282-82, 289-90, 292-93, 369-74, 406, 414, 419-20, 425-26, 431, 495-6, 537-38. She had a positive straight leg test on only one occasion. R. 431.

With respect to Plaintiff's mental health, the ALJ noted:

- Plaintiff's treating physician opined that her mental health impairments did not cause more than minimal limitation;
- Plaintiff reported at the consultative examination that she had some anxiety, but her physical impairments were what kept her from working;
- The consultative examination revealed the claimant was able to read, write and comprehend, as evidenced by her ability to complete screening forms and to understand the examiner's questions;
- Her memory, focus, and attention seemed intact;
- Her intelligence was estimated as being within the average range and she exhibited congruent social skills;
- She provided appropriate responses to questions related to judgment, insight and abstraction and was able to perform her Serial 7s very quickly, providing five correct solutions.

R. 64.

Furthermore, the ALJ stated:

Despite her numerous complaints, Plaintiff drove, shopped, independently performed personal care, cooked, did chores, read, watched TV, did laundry and worked in her flower bed. Given her activities, she could perform within the above RFC.

*Id.*

Accordingly, the Court concludes that the ALJ properly evaluated the combined effects of Plaintiff's severe and nonsevere impairments.

### B. Plaintiff's Ability to Perform Skilled Work

Plaintiff challenges the ALJ's step four determination that her medically determinable mental impairments cause no more than "mild" limitation in any of the functional areas and are therefore non-severe. She argues that because the ALJ found at step two that she had "mild" mental limitations in three of the four "paragraph B" mental criteria, these limitations are incompatible with performance of skilled work such as the medical assistant job. However, an ALJ is not necessarily bound by his step two findings when determining a claimant's RFC at step four. *See* SSR 96-8P ("RFC represents the most that an individual can do despite his or her limitations or restriction.").

As the Tenth Circuit has explained:

The social security ruling on assessing a claimant's RFC cautions that "[t]he adjudicator must remember that the limitations identified in the 'paragraph B' . . . criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process.

*Vigil v. Colvin*, 805 F.3d 1199, 1203 (10th Cir. 2015).

Here, although the ALJ found Plaintiff's anxiety and depression to be medically determinable impairments, he concluded they were not sufficiently severe to require functional

limitations in the RFC. R. 55, 64 (citing R. 287, 380-382). Furthermore, Plaintiff cites no evidence in the record supporting her claim of functionally limiting mental impairments.

**IV. Conclusion**

For the reasons set forth above, the Court overrules Plaintiff's objections, adopts the Report and Recommendation of the Magistrate Judge and affirms the Commissioner's final decision.

ENTERED this 19th day of March, 2020.

*[signature]*
TERENCE C. KERN
United States District Judge